FILED
CLERK

1/3/2017 11:52 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KENNETH SLIZEWSKI,

        Plaintiff,

   -against-

SUFOLK COUNTY CORRECTIONAL
FACILITY et al,

        Defendants.
-----------------------------------------------------------X

**ORDER**
12-CV-6032 (JMA) (ARL)

**AZRACK, United States District Judge:**

    This action was filed by <u>pro se</u> Plaintiff Kenneth Slizewski on November 30, 2012, and was previously assigned to Judge Bianco. On January 8, 2013, Judge Bianco granted plaintiff leave to proceed <u>in forma pauperis</u> and a copy of the Order was mailed to plaintiff at his address listed on the docket sheet. On January 17, 2013, the Order was returned as undeliverable, marked "Return to Sender, Discharged." Defendant filed an Answer on February 13, 2013. On March 12, 2013, Magistrate Judge Arlene R. Lindsay issued a Scheduling Order. On March 22, 2013, a copy of the Scheduling Order sent to plaintiff at his address on the docket sheet was returned as undeliverable marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward." On October 24, 2013, Judge Bianco issued an Order directing plaintiff to provide an updated address by November 22, 2013. Plaintiff provided an updated address on November 4, 2013, and the dates set forth in the Scheduling Order were extended. Upon review of the docket sheet, discovery was proceeding and plaintiff kept his address current until approximately June 3, 2014, when mail sent to the plaintiff by the Court was returned as undeliverable. Plaintiff provided an updated address on August 29, 2014, and again on December 3, 2014.

The case was transferred to the undersigned on January 16, 2015. On November 13, 2015, the Court issued a status report order directing defendants to respond by November 30, 2015. A copy was mailed to the plaintiff at his address listed on the docket sheet. On November 30, 2015, the status report order sent to the plaintiff at the address on the docket sheet was returned as undeliverable. On December 11, 2015, the plaintiff mailed a letter to the Court regarding release of his medical records. The docket sheet reflected the address that was contained in plaintiff's letter. On October 3, 2016, this Court scheduled a telephone conference to address the status of this case. A copy of the scheduling order was mailed to plaintiff at his address of record and was returned on October 17, 2016, marked "Return to Sender/Refused/Unable to Forward/Released." On October 26, 2016, this Court held a telephone conference wherein plaintiff did not appear, and counsel for defendant advised the Court they have not any communication with plaintiff since December 2015. A Minute Entry was issued directing plaintiff to provide the Court with an updated address by November 23, 2016. Plaintiff was warned that failure to comply would result in dismissal of the case for failure to prosecute. A copy was mailed to the plaintiff at his last known address and was returned on November 7, 2016, marked "Not here/Return to Sender/Refused/Unable to Forward." Plaintiff has not filed a change of address, or otherwise communicated with the Court since December 11, 2015.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua</u> <u>sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration

of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Almost a year has elapsed since plaintiff's last correspondence with the Court and counsel for defendants. Correspondence from the Court to plaintiff has been returned as undeliverable because plaintiff failed to keep his address current. Plaintiff has failed to respond to the Court's Minute Entry. The Court has warned plaintiff that failure to respond would result in the dismissal of the case. Plaintiff's failure to keep the Court apprised of his address and failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Date:   January 3, 2017
        Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

3